UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZEEM R. HOSEIN,<br><br>    Petitioner,<br><br>    v.<br><br>ROBERT BURTON,<br><br>    Respondent. | No. 2:19-cv-0403 KJM AC P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss the petition as untimely. ECF No. 18.

I.     <u>Factual and Procedural Background</u>

On January 13, 2015, petitioner was convicted of assault with intent to commit oral copulation, with an enhancement for being armed with a deadly weapon, and felony false imprisonment, with an enhancement for using a deadly weapon. ECF No. 1 at 1-2; ECF No. 19-1 (Lod. Doc. 1) at 219. He was sentenced to twenty-three years and eight months in prison, which included a four-month consecutive term for the enhancement on the false imprisonment charge. Lod. Doc. 1 at 219.

////

////

A. Direct Review

Petitioner appealed his conviction to the California Court of Appeal, Third Appellate District, which on April 28, 2016, reversed the four-month consecutive term imposed for the enhancement on the false imprisonment charge and affirmed the remainder of the judgment. ECF No. 19-2 (Lod. Doc. 2) at 6. The trial court was directed to amend the abstract of judgment to reflect the modified judgment. Id. On July 11, 2016, the Sacramento County Superior Court filed an amended abstract of judgment *nunc pro tunc* to February 27, 2015. ECF No. 19-3 (Lod. Doc. 3). It appears that petitioner attempted to file a petition for review in the California Supreme Court that was rejected as untimely on January 11, 2017. ECF No. 19-4 (Lod. Doc. 4) at 109.

B. State Collateral Review

On February 10, 2018,[1] petitioner filed a pro se petition for writ of habeas corpus in the Sacramento County Superior Court. Lod. Doc. 4 at 37. On March 21, 2018, the court denied the petition as untimely. ECF No. 19-5 (Lod. Doc. 5).

On July 25, 2018, petitioner filed a pro se petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. ECF No. 19-6 (Lod. Doc. 6) at 31. The petition was denied on August 2, 2018. ECF No. 19-7 (Lod. Doc. 7).

On August 15, 2018, petitioner filed a pro se petition for writ of habeas corpus in the California Supreme Court, ECF No. 19-8 (Lod. Doc. 8) at 45, which was denied on January 30, 2019, ECF No. 1-1 at 55.

On October 16, 2018, petitioner filed another pro se petition for writ of habeas corpus in the Sacramento County Superior Court. ECF No. 19-10 (Lod. Doc. 10) at 7. On November 16, 2018, the petition was denied. ECF No. 19-11 (Lod. Doc. 11).

On February 7, 2019, petitioner filed a pro se petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District, ECF No. 19-12 (Lod. Doc. 12) at 9, which was denied on February 21, 2019 ECF No. 19-13 (Lod. Doc. 13).

---

[1] Petitions filed while petitioner was proceeding pro se reflect application of the prison mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

2

C. Federal Petition

The instant petition was filed on February 15, 2019. ECF No. 1 at 52.

II. Motion to Dismiss

Respondent moves to dismiss the petition on the ground that it is untimely. ECF No. 18. He argues that, without tolling, petitioner had until June 7, 2017, to file a petition in federal court. Id. at 3. He further asserts that petitioner did not file any state collateral actions within the limitations period and as a result was not entitled to tolling. Id. Therefore, since the federal petition was not filed until February 15, 2019, it was untimely and is now barred. Id. at 4. Petitioner has filed two nearly identical oppositions to the motion to dismiss that simply state that he is the petitioner and he opposes the motion. ECF Nos. 21, 22.

III. Statute of Limitations

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. This statute of limitations applies to habeas petitions filed after April 24, 1996, when the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) (citation omitted).

A. Applicable Trigger Date

The one-year statute of limitations starts from one of several alternative triggering dates. 28 U.S.C. § 2244(d)(1). In this case, the applicable date is that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under California law, if a timely petition for review is not filed in the state supreme court, a judgment becomes final forty days after the appellate court affirms the judgment. Cal. R. Ct. 8.366(b)(1) (court of appeal decision in a criminal appeal is final in that court thirty days after filing); Cal. R. Ct. 8.500(e)(1) (petition for review must be filed within ten day of court of appeal decision becoming final in that court).

Here, the appellate court did not remand petitioner's case for re-sentencing, but instead reversed part of the sentence and directed the trial court "to prepare an amended abstract of judgment." Lod. Doc. 2 at 6. Under California law, "[b]ecause the 'abstract of judgment is not

3

the judgment of conviction' and 'does not control if different from the court's oral judgment,' a court must amend the abstract of judgment any time there is a discrepancy between the two." Gonzalez v. Sherman, 873 F.3d 763, 770 (9th Cir. 2017) (quoting People v. Mitchell, 26 Cal. 4th 181, 185 (2001)). The Court of Appeal's order modifying the judgment constituted the new judgment, and the remand to the superior court was simply to ensure the abstract of judgment reflected the new judgment. Accordingly, any appeal to be taken was to be taken from the appellate court's order, not the abstract of judgment. Because petitioner did not timely seek review in the California Supreme Court, Lod. Doc. 4 at 109, his conviction became final forty days after the appellate court filed its opinion. The conviction therefore became final on June 7, 2016, and the AEDPA's one-year clock began to run on June 8, 2016. Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (the day order or judgment becomes final is excluded and time begins to run the day after the judgment becomes final (citing Fed. R. Civ. P. 6(a))). Absent tolling, petitioner had until June 7, 2017, to file a federal habeas corpus petition. Since the petition was not filed until February 15, 2019, the petition is untimely unless petitioner is entitled to tolling, and petitioner "bears the burden of proving that the statute of limitation was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010) (citation omitted).

    B.  Statutory Tolling

  The limitations period may be statutorily tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds, Carey v. Saffold, 536 U.S. 214, 225 (2002). "[S]ection 2244(d) does not permit the reinitation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted). In other words, once the limitations period has expired, a subsequent state petition cannot revive it. Id. Here, petitioner did not file his first state petition until February 10, 2018—just over eight months after the federal statute of limitations expired on June 7, 2017.

Thus, neither first state petition nor any subsequent state petitions acted to toll or revive the federal statute of limitations. Accordingly, the federal petition is untimely unless petitioner is entitled to equitable tolling.

          C.      Equitable Tolling

A habeas petitioner is entitled to equitable tolling of the AEDPA's one-year statute of limitations "only if the he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)). An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control, Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted), and "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence,'" Holland, 560 U.S. at 653 (internal citations and some quotation marks omitted). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418.

Here, petitioner has not alleged facts from which the court can find that an extraordinary circumstance stood in his way to prevent timely filing, nor has he shown that he has diligently pursued his rights. See ECF Nos. 21, 22. However, while petitioner's opposition to the motion to dismiss is cursory, the petition itself refers to the fact that a showing of actual innocence constitutes an equitable exception to the AEDPA's statute of limitations, ECF No. 1 at 15, 31-32, and so this will be construed as an argument for equitable tolling.

"Actual innocence" is a recognized basis for equitable tolling of AEDPA's statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); Lee v. Lampert, 653 F.3d 929, 934 (9th Cir. 2011) (en banc). "[A] credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass

through the Schlup [v. Delo, 513 U.S. 298 (1995),] gateway and have his otherwise time-barred claims heard on the merits." Lee, 653 F.3d at 932; accord, McQuiggin, 569 U.S. at 386. Schlup held that a showing of actual innocence could excuse a procedural default and permit a federal habeas court to reach the merits of otherwise barred claims for post-conviction relief. 513 U.S. at 314-15.

To pass through the Schlup gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup, 513 U.S. at 327. Schlup additionally "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Id. at 324.

Petitioner's argument falls short of satisfying the requirements for this exception because he does not introduce reliable new evidence to show a credible claim of actual innocence. Rather, he argues that there was mitigating or alibi evidence that went uninvestigated, ECF No. 1 at 26, 36-37; that law enforcement failed to collect and preserve potentially exculpatory evidence, including fingerprint and DNA evidence, id. at 19, 21, 45; and that his trial counsel did not contact eyewitnesses, id. at 28. The allegedly uninvestigated "alibi" evidence is not actually evidence of an alibi, but character evidence that petitioner contends would show he was "a productive member of society not the monster counsel allowed him to be portrayed as." Id. at 26. Furthermore, petitioner has not produced any new evidence, but merely speculates as to what his attorney could have uncovered had he properly investigated. Speculation about the possibility of new evidence is not sufficient: without new evidence, the actual innocence exception does not apply. Schlup, 513 U.S. at 327-29. Moreover, though petitioner argues that there was no physical evidence to connect him to the crime and that the case against him was largely circumstantial, ECF No. 1 at 31-32, 45, a challenge to the sufficiency of the prosecutor's evidence at trial is not a showing of actual innocence. Schlup, 513 U.S. at 330 (explaining the difference between the Jackson v. Virginia, 443 U.S. 307, standard governing sufficiency challenges and the actual innocence standard); Bousley v. United States, 523 U.S. 614, 623 (1998) ("'actual innocence' means factual innocence, not mere legal insufficiency" (citation omitted)).

Because petitioner points to no new evidence that would meet Schlup's exacting standard, he is not entitled to equitable tolling.

IV. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is dismissed on procedural grounds, as is being recommended in this case, a certificate of appealability "should issue when the prisoner shows, at least, [(1)] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [(2)] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This court finds that jurists of reason would not find it debatable that the petition is barred by the statute of limitations and a certificate of appealability should not issue.

V. Plain Language Summary of this Order for a Pro Se Litigant

The petition should be denied because it was filed too late. You had one year from June 8, 2016, to file a federal habeas petition. You did not file any state petitions during that time that would toll the statute of limitations (stop the clock). You do not get equitable tolling because you have not provided facts showing that there were extraordinary circumstances and that you were diligent, and you have also not submitted new evidence to show that you are actually innocent.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 18, be granted and petitioner's application for a writ of habeas corpus, ECF No. 1, be denied as untimely.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **ten days** after being served with these findings and recommendations, any party may file written objections with

7

the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Due to exigencies in the court's calendar, no extensions of time will be granted.**[2] The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 6, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is informed that in order to obtain the district judge's independent review and preserve issues for appeal, he need only identify the findings and recommendations to which he objects. There is no need to reproduce his arguments on the issues.

8